231 So.2d 341

**Edward Clayton TURNER**

v.

**STATE.**

**5 Div. 11.**

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

Rehearing Denied Feb. 3, 1970.

H. Gerald Reynolds, Alexander City, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Indictment: assault with intent to murder Grant Jackson Osborne. Sentence: seven years in the penitentiary.

I

The night of November 23–24, 1968, Osborne escorted Helen Kleckley dancing. Taking her home, Osborne drove up in the driveway followed by Turner in an unlit car. With his car blocking Osborne's, Turner, armed with a rifle, beat on Osborne's window then shot into a tire on the latter's car.

Osborne got out; there was scuffling. Helen Kleckley got between the two men. Turner's rifle fired, the bullet going through Osborne's lung.

Turner did not testify.

II

The trial judge ruled out a tape recording which the defense tendered. The proffer was based on a claimed contradicion in Helen Kleckley's answer to a question. Counsel stated she had given a different answer to him when interviewed in his office from the one she gave at the trial.

The court below had the question presented in the following manner:

"MR. RADNEY: The State rests.

"THE COURT: Offer evidence for the Defendant.

"EVIDENCE ON BEHALF OF DEFENDANT

"RECROSS EXAMINATION

"HELEN KLECKLEY

"(The witness, having previously been sworn and examined, was recalled for further Cross Examination.)

"MR. REYNOLDS: Your Honor, I want to offer parts of the tape to contradict the testimony of this witness.

"MR. RADNEY: We object.

"THE COURT: I am going to sustain the objection to the use of the tape recorder.

"MR. REYNOLDS: On what grounds?

"THE COURT: Just because I have a right to do it.

"MR. REYNOLDS: She is here for further cross examination. I want to offer parts of the tape to contradict some of her previous testimony.

"MR. RADNEY: We object.

"THE COURT: Sustain the objection. The Supreme Court has held that the Court has to listen to it outside the presence of the Jury, and has to weed out that portion which is inadmissible.

"MR. REYNOLDS: Your Honor, I have it down to the point exactly.

"THE COURT: If she has made some statement to you that is contradictory to any statement that she made today, then you have a right to go on the stand and testify to it. I am not denying you the right to impeach her.

"MR. REYNOLDS: Judge, I have that testimony on the tape right there.

"THE COURT: Sustain the objection to the use of the tape recorder.

"MR. REYNOLDS: We reserve an exception on the ground that the use of a tape recorder has been held—

"THE COURT: You have an exception. The Court is telling you again that if this witness has made any statement contrary to a statement she has made here today, you have a right to call witnesses who heard such statement, after you have offered impeaching testimony and impeach her. But you would first have to qualify her by setting up the impeaching testimony, that she had made such and such a statement, who was present, where and when it was made, you can ask her, and if she denies it, you have the right to call any witness, and if you can do so, by another witness, impeach her.

"MR. REYNOLDS: O.K. That is all. In view of your statement, I would like to withdraw this witness and call her mother for the purpose of laying the proper predicate for impeachment."

The initial ruling as to not playing the recording before the jury comports with Kissic v. State, 266 Ala. 71, 94 So.2d 202; 67 A.L.R.2d 530; Anno. 58 A.L.R.2d 1024, and, thereafter, the witness's mother was called (and recalled). The daughter was re-examined and apparently the material points of the interview in defense counsel's office were fully developed.

We see no error. United States v. McKeever, 2 Cir., 271 F.2d 669(5); McGee v. Commonwealth (Ky.), 395 S.W.2d 378.

### III

Under Code 1940, T. 15, § 389, we have reviewed the whole record and consider the judgment below is due to be

Affirmed.